N.R. SMITH, Circuit Judge,
concurring:
I agree with the majority’s disposition of this case. I write separately to address the “unbundling” issue. In my view, United States v. Avila-Anguiano, 609 F.3d 1046, 1048-49 (9th Cir.2010), should not compel us to hold that Jones’s sentence was “unbundled” when we vacated one count on his first appeal. Avila-Anguiano, broadly states that “[w]hen a defen *771 dant is sentenced to multiple counts and one of them is later vacated on appeal, the sentencing package becomes ‘unbundled.’ ” Id. at 1049 (internal quotation marks omitted). “Such ‘unbundling’ is often warranted because conviction on the reversed counts may have affected the remaining counts.” Id.
The Avilar-Anguiano rationale made sense in that case. There, the district court had sentenced the defendant to 180 months imprisonment. Id. at 1048. The sentence consisted of a mandatory minimum of 120 months for one count to run consecutive to a 60 month sentence for five other counts, with those counts running concurrently with each other. Id. We later vacated three of those five counts. Id. On the defendant’s second appeal, we concluded that the district court had jurisdiction to resentence defendant on the surviving counts on remand of the first appeal, because the sentence became unbundled. Id. at 1049. Given the potential interplay between the mandatory sentence and the other counts, it is clear how the vacated counts could have “affected” the original sentencing.
Jones’s original sentence distinguishes this case from Avilar-Anguiano. There is no indication that Jones’s sentences should have been unbundled on remand, because there is no indication that they were “bundled” in the first place. Jones received the mandatory minimum for both counts to run concurrently. The district court could not have imposed less than the mandatory minimum (without a government motion) and clearly did not wish to impose a greater sentence. Accordingly, the vacated count could not have “affected” the district court’s original sentencing on the other count.
Jones cites no authority applying the “unbundling” theory to mandatory sentences set to run concurrently, and research reveals none. When asked about the lack of supporting authority at oral argument, Jones claimed that United States v. Bennett, 368 F.3d 947, 955-56 (9th Cir.2004), supports his position. However, Bennett is inapposite. There, “the district court did not differentiate among Bennett’s [two] counts of conviction during sentencing and ultimately sentenced Bennett to 121 months imprisonment ‘as to each count, concurrent.’ ” Id. at 956. Unlike the instant case, there was no indication that the district court meant to impose the mandatory minimum (and nothing greater). As such, Jones’s reliance on Bennett is misplaced. Thus, I would hold that the district court lacked jurisdiction to resentence Jones on the count surviving his first appeal.